# 𝔘nited 𝔖tates 𝔠ourt of 𝔄ppeals
# for the 𝔉ederal 𝔠ircuit

---

IN RE GOOGLE INC., SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC., AND
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

*Petitioners.*

---

*On Petition for a Writ of Mandamus to the U.S. District Court for the Eastern District of Texas in Case Nos. 2:13-cv-894-JRG and 2:13-cv-900-JRG, Judge Rodney Gilstrap*

---

## REPLY IN SUPPORT OF
## PETITION FOR WRIT OF MANDAMUS

Kathleen M. Sullivan
Patrick D. Curran
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
(212) 849-7100 facsimile

Charles K. Verhoeven
Sean S. Pak
Amy H. Candido
Matthew S. Warren
Kristin J. Madigan
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
(415) 875-6700 facsimile

*Attorneys for Petitioner
Google Inc.*

Charles K. Verhoeven
Sean S. Pak
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
(415) 875-6700 facsimile

Kevin P.B. Johnson
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
(650) 801-5100 facsimile

Joseph Milowic III
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
(212) 849-7100 facsimile

*Attorneys for Petitioners Samsung
Electronics Co., Ltd., Samsung
Electronics America, Inc., and Samsung
Telecommunications America, LLC*

August 25, 2014

# CERTIFICATE OF INTEREST FOR SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

Pursuant to Federal Circuit Rule 47.4(a) and Federal Rule of Appellate Procedure 26.1, counsel for Petitioner Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC ("Samsung") certifies the following:

1.    The full name of every party represented by the undersigned is Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, and Google Inc.

2.    No other real parties in interest are represented by the undersigned.

3.    Samsung Electronics Co., Ltd. has no parent corporation and there is no publicly held corporation that owns 10% or more of its stock.  Samsung Electronics America, Inc. is a wholly owned subsidiary of Samsung Electronics Co., Ltd.  No other publicly held corporation owns 10% or more of the stock of Samsung Electronics America, Inc.  Samsung Telecommunications America, LLC is a wholly owned subsidiary of Samsung Electronics America, Inc.  No other publicly held corporation owns 10% or more of the stock of Samsung Telecommunications America, LLC.

4.      The names of all law firms and the partners or associates that appeared for Samsung in the district court or are expected to appear in this Court are:

Quinn Emanuel Urquhart & Sullivan, LLP:  Charles K. Verhoeven, Kevin P.B. Johnson, Sean S. Pak, Joseph Milowic III

DATED:  August 25, 2014              /s/ *Charles K. Verhoeven*
                                     Charles K. Verhoeven

## <u>CERTIFICATE OF INTEREST FOR GOOGLE INC.</u>

Pursuant to Federal Circuit Rule 47.4(a) and Federal Rule of Appellate Procedure 26.1, counsel for Petitioner Google Inc. certifies the following:

1.     The full name of every party represented by the undersigned is Google Inc., Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC.

2.     No other real parties in interest are represented by the undersigned.

3.     Google Inc. has no parent corporation and no publicly held company owns 10 percent or more of the stock of Google Inc.

4.     The names of all law firms and the partners or associates that appeared for Google Inc. in the district court or are expected to appear in this Court are:

> Quinn Emanuel Urquhart & Sullivan, LLP:  Kathleen M. Sullivan, Charles K. Verhoeven, Sean S. Pak, Amy H. Candido, Matthew S. Warren, Patrick D. Curran, Kristin J. Madigan

DATED:  August 25, 2014                 /s/ *Charles K. Verhoeven*
                                                         Charles K. Verhoeven

# TABLE OF CONTENTS

**Page**

INTRODUCTION ......................................................................................1

I.  THE DISTRICT COURT CLEARLY ERRED BY DECLINING TO
    TRANSFER ITS CUSTOMER ACTIONS TO JOIN GOOGLE'S
    MANUFACTURER SUIT IN THE NORTHERN DISTRICT ......................1

    A.  Rockstar Now Tries to Argue That the Accused Devices Are
        All Different, But Its Infringement Contentions Rely on the
        Accused Functionality in All the Accused Devices Being the
        Same ................................................................................................2

    B.  Rockstar Now Asserts That Its Allegations Depend Heavily on
        Device Hardware, When Its Actual Infringement Contentions
        Demonstrate the Opposite ..................................................................4

    C.  Rockstar Misstates the Legal Standard Governing Manufacturer
        and Customer Suits; Under the Correct Standard, the District
        Court Clearly Erred in Failing to Find This a Customer Suit ..............6

II. THE DISTRICT COURT CLEARLY ERRED IN CONSIDERING
    THE REMAINING TRANSFER FACTORS ..................................................7

    A.  Rockstar Submitted No Evidence That Samsung's Texas
        Facility is Relevant, and Its Infringement Contentions Belie
        This Claim .........................................................................................7

    B.  The District Court Clearly Abused Its Discretion in Denying
        Each Motion to Transfer Based on the Other Five Actions, in
        Which Transfer Motions Had Also Been Filed.....................................9

    C.  The District Court Clearly Abused Its Discretion By
        Disregarding Apple But Considering Ericsson and
        Blackberry—Potential Rockstar Witnesses—in Its Compulsory
        Process Analysis...............................................................................10

    D.  Rockstar Has Not Shown Any Relevant Connection Between
        Google and the Eastern District .......................................................13

III. ROCKSTAR MISCHARACTERIZES THE RULINGS OF THE
     NORTHERN DISTRICT ...........................................................................13

CONCLUSION ...................................................................................................15

# TABLE OF AUTHORITIES

**Page**

## Cases

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009) ...............................................................8, 11, 12

*In re EMC Corp.*,
   501 Fed. App'x 973 (Fed. Cir. Jan. 29, 2013) ....................................................10

*Gulf Oil Corp. v. Gilbert*,
   330 U.S. 501 (1947) ..........................................................................................12

*Kahn v. General Motors Corp.*,
   889 F.2d 1078 (Fed. Cir. 1989) .........................................................................6

*Katz v. Lear Siegler, Inc.*,
   909 F.2d 1459 (Fed. Cir. 1990) ......................................................................6, 7

*LuvN'Care, Ltd., and Admar Int'l, Inc. v. Royal King Infant Prods. Co.*,
   No. 10-0461 (E.D. Tex. Feb. 19, 2014) .............................................................9

*Merial Ltd. v. Cipla Ltd.*,
   681 F.3d 1283 (Fed. Cir. 2012) .........................................................................7

*Micron Tech., Inc. v. Mosaid Technologies, Inc.*,
   518 F.3d 897 (Fed. Cir. 2008) .......................................................................9, 10

*My Health, Inc. v. Click4Care, Inc.*,
   No. 13-137, 2014 WL 1159664 (E.D. Tex. Mar. 20, 2014) ..............................12

*Prospect Capital Corp. v. Bender*,
   No. 09-0826, 2009 WL 4907121 (S.D.N.Y. Dec. 21, 2009) ...............................9

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
   657 F.3d 1349 (Fed. Cir. 2011) .........................................................................6

*In re Volkswagen of Am., Inc.*,
   566 F.3d 1349 (Fed. Cir. 2009) .........................................................................9

## **Statutes**

Fed. R. Civ. P. 26(a)(1) .............................................................................. 13

28 U.S.C. § 1404(a) ............................................................................. 12, 14

# INTRODUCTION

Rockstar's opposition depends on selective, and often inaccurate, presentation of law and facts. Rockstar argues that its actions in Texas are not customer suits and that Google's California action will not resolve major issues in them. This assertion is entirely at odds with the findings of the California court, and depends on Rockstar's misreading of its own infringement contentions and governing law. Rockstar argues that the district court properly denied each transfer motion because of other actions also subject to a transfer motion, but cites no cases allowing such a result. And Rockstar tries to portray the Northern District of California as eager to defer to the Eastern District of Texas, when the opposite is true. Viewing the record fully and fairly, this Court should correct the district court's clear errors by ordering it to stay this action until resolution of the related action in the Northern District of California, or to transfer this action to that court.

## I.    THE DISTRICT COURT CLEARLY ERRED BY DECLINING TO TRANSFER ITS CUSTOMER ACTIONS TO JOIN GOOGLE'S MANUFACTURER SUIT IN THE NORTHERN DISTRICT

As the Northern District correctly ruled, Google's action against Rockstar is first filed between Google and Rockstar; and, regardless of the first filing date, "the customer-suit exception to the first-to-file rule would apply" because "the relationship between Google and the Halloween defendants is one of manufacturer and customer," and "the determination of the infringement issues here would likely be dispositive of the other cases" in Texas. A323-24. The district court clearly erred by ignoring these rulings and by failing to transfer this action and Rockstar's other customer actions to join Google's manufacturer case in California. *See* Pet.

1

at 15-19.  Rockstar's opposition depends on distortions of its own infringement claims, and a misunderstanding of the law governing manufacturer suits.  Opp. at 13-19.  In reality, Rockstar's own infringement theories confirm that Google's California action will resolve "major issues" in the Eastern District and, therefore, that the district court clearly erred by failing to stay or transfer these actions.

### A.    Rockstar Now Tries to Argue That the Accused Devices Are All Different, But Its Infringement Contentions Rely on the Accused Functionality in All the Accused Devices Being the Same

To avoid the customer-suit rule, Rockstar tries to argue that Google's California action will not resolve major issues in Texas, based on a new spin on its theory of infringement:  that Samsung (and presumably the other defendants in Texas) "substantially modifies the Android open source software before installing it" on the accused devices—and, critically, that these "modifications to the Android code are material to the claims of infringement in this case."  Opp. at 1, 17.  But this is the *exact opposite* of Rockstar's *actual* infringement contentions in the district court, required under the patent local rules, which rely on the accused products being *all the same*.  Rockstar's new view depends on highly selective quotation—literally, a few pages from tens of thousands—and finds no support *even in the tiny portion Rockstar cites* to this Court.[1]  Similarly, Rockstar vaguely

---

[1] Rockstar argues that its "infringement contentions reveal considerable differences in the various custom implementations of the 'Android platform,'" but cites *only six pages* from infringement contentions, which number at least 19,372 pages.  Opp. at 6 (citing A977-983).  Although the pages Rockstar cites note that "the notification drawer implemented by each defendant differs substantially (e.g., different default settings at the top, different icons associated with the sender or type of message received)," A978, Rockstar's infringement contentions admit any
(footnote continued)

asserts that Samsung "modifies" Google's Android source code, but nowhere ties any of these asserted "modifications" to its infringement claims in these actions.[2]

Rockstar's infringement contentions repeatedly emphasize that all accused devices are the same—and that all accused devices infringe in the same way as Google's devices.  Rockstar's infringement charts against Samsung cite *only* to Google's open-source code; they neither cite source code from Samsung nor mention any Samsung modifications to Google's code.  *E.g.*, A1193-1282, SA61-98, 122-42, 197-248, 296-339, 368-97.  Asserting infringement of the '572 patent, for example, Rockstar contends that "open source code citations" of Google's code, and "public documentation citations" of Google's documents, show that each "limitation is present on all Accused Products running Android versions 1.0 or

---

such differences are *entirely irrelevant* to its allegations, by broadly accusing *any* Android product that is "capable of displaying a notification in the notification area, notification drawer/panel or lock screen." SA143, 197.  Thus, according to Rockstar itself, *it does not matter* if there are "different default settings at the top" or "different icons associated with the sender or type of message received"—the only two differences Rockstar alleges—because infringement occurs, at least by Rockstar's lights, as soon as a product displays "a notification in the notification area." A978, SA143, 197.

[2]  Many of Rockstar's assertions that Samsung "modifies" Google's source code are unsupported by citation. *E.g.*, Opp. at 1, 2, 4, 15.  Where Rockstar does use citations, it submits nothing to show that Samsung's "modifications to the Android code are material to the claims of infringement in this case." Opp. at 17. Rockstar cites the district court's finding (A9); a "Samsung Careers" web page listing 17 available jobs including one with "Android" in the title (A984-86); a Samsung declaration (A673-76) and a Google web page (A936-37), neither of which say anything about Samsung modifications to Google's code; and a few media articles that talk about features Rockstar does not accuse in these actions (A938-41, 971-76, 987-91, 1114-19).  None of these show that Samsung makes modifications that are material to Rockstar's claims.

3

above." A1194, A1205, A1229, A1247, A1266. Rockstar's other claim charts also assert that citations to Google's open-source code show infringement by all accused products.[3] Once the Court looks past Rockstar's revisionist history of its claims and considers the claims themselves, it is evident that Rockstar's case rests on its allegations that all accused devices infringe in precisely the same way.

**B.    Rockstar Now Asserts That Its Allegations Depend Heavily on Device Hardware, When Its Actual Infringement Contentions Demonstrate the Opposite**

Rockstar also argues that its claims are really all about *hardware*, not software as the claims indicate. Opp. at 4-5, 17. Again, however, Rockstar's actual infringement contentions tell a different story. Rockstar asserts that the

---

[3] *See, e.g.*, '131 patent ("Open source code citations 1.1(14) to 1.1(17) and public document citations 1.1(12) and 1.1(13) show that this feature is present on all Accused Products running Android versions 1.6 or above") (SA249, 296); '298 patent ("Open source code citations 11.1(6) to 11.1(7) and public document citations 11.1(5) show that this feature is present on all Accused Products running Android versions 2.2 or above") (SA99, 122); '591 patent ("Open source code citations 1.1(15) to 1.1(23) and public documentation citations 1.1(4) to 1.1(6) show that this feature is present on all Accused Products running Android versions 1.6 or above") (A340, 368); '937 patent ("[P]ublic documentation citations 1.3(10)-1.3(14) show that at least control tools such as 'Compass,' 'MyLocation,' or 'Layers' are available on all Accused products running Google Maps Android API version 1 or above, and further, that Google Maps Android API version 1 works on Android API level 4 onwards, or in other words, from Android version 1.6 and above") (SA42,80 ); '973 patent ("The exemplary open source citations herein show that the cited functionalities appear in Accused Products having any version or adaptation thereof of Android operating system") (SA144, 198). Rockstar and Google agree that the "open source code" cited in Rockstar's contentions is Google's code, controlled by Google and distributed by Google on the Internet. RA75-76. By definition, this "open source" code has not been modified by Samsung or anyone else.

patents' "hardware limitations are non-trivial," but cites only attorney argument in its prior brief, which in turn cites only the patent claims. Opp. at 5 (citing A696); *see* A696 ns.9-12. If Rockstar's case truly turned on hardware, as Rockstar now argues, Rockstar's contentions in the district court would allege how accused hardware infringes each claim. But they do not; instead they repeatedly allege that Android *software* infringes the so-called "hardware limitations." The '973 patent, for example, includes limitations for "receiving" and "displaying," among those Rockstar calls "hardware" and "non-trivial." Opp. at 5. But on those limitations Rockstar's contentions accuse *no hardware whatsoever*—instead accusing, for each defendant, the *same* open-source Android software: BroadcastReceiver, ConnectivityManager, ConnectivityService, NotificationBuilder, and NotificationManager. *See, e.g.*, SA159, 212. Similarly, the '131 patent claims "sending"—but, again, Rockstar's contentions accuse only software. Indeed, Rockstar's claim charts against all defendants assert infringement by "sending" using the *same* image of *the same device*—an image taken from a *Google web site*, http://developer.android.com/design/patterns/notifications.html. *E.g.*, SA251, 297.

Rockstar's fourth and final example of a "hardware" limitation, "storing," fares no better. Opp. at 5. The '572 claims, for example, include "storing the call trace information"; but yet again, Rockstar's contentions cite not hardware but *software*, such as Google's Maps application and open-source code. SA486, 398-472; A1282, 1193-1286. Thus, for all four of the limitations that Rockstar now calls "non-trivial . . . hardware limitations," Rockstar's infringement contentions actually accuse software for six of the seven patents-in-suit. *Compare* Opp. at 4-5

5

with *supra*. And on the seventh patent, the '551, Rockstar specifically limited the allegations in its complaints to "devices having a version (or an adaption thereof) of Android operating system" developed by Google. A16 ¶ 16; A335 n.1.

### C.   Rockstar Misstates the Legal Standard Governing Manufacturer and Customer Suits; Under the Correct Standard, the District Court Clearly Erred in Failing to Find This a Customer Suit

To take precedence over customer suits like Rockstar's in Texas, a manufacturer suit like Google's in California "need only have the potential to resolve the 'major issues' concerning the claims against the customer—not every issue—in order to justify a stay of the customer suits." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1358 (Fed. Cir. 2011). Rockstar misstates this rule by selectively quoting *Spread Spectrum* to say that a manufacturer action can only "take precedence 'where the first suit is filed against a customer who is *simply a reseller* of the accused goods, while the second suit is a declaratory judgment action brought by the manufacturer of the accused goods.'" Opp. at 16 (quoting *Spread Spectrum*, 657 F.3d at 1357) (emphasis added by Rockstar). This was not *Spread Spectrum*'s holding, but rather the holding in a prior case, *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989), that this Court had since rejected. One paragraph later, *Spread Spectrum* explained that a later case, *Katz v. Lear Siegler, Inc.*, "clarified that the manufacturer's case need only have the potential to resolve the 'major issues' concerning the claims against the customer—not every issue—in order to justify a stay of the customer suits." 657 F.3d at 1358 (citing *Katz*, 909 F.2d 1459, 1464 (Fed. Cir. 1990)). The Court should disregard Rockstar's attempt to avoid the customer-suit rule based on

6

misstatement of this Court's precedent. *E.g.*, Opp. at 17.[4]  Rockstar's infringement claims show that Google's action will resolve "the 'major issues' concerning the claims against the customers" in Texas. *See supra* §§ I.A-I.B.  The district court thus clearly erred in declining to stay or transfer—error this Court should remedy.

## II.  THE DISTRICT COURT CLEARLY ERRED IN CONSIDERING THE REMAINING TRANSFER FACTORS

### A.  Rockstar Submitted No Evidence That Samsung's Texas Facility is Relevant, and Its Infringement Contentions Belie This Claim

Rockstar argues repeatedly that its "primary claims" are "against Samsung" and its "claims against Google" are "subordinate," and that focusing on Google "would let the tail wag the dog." Opp. at 16.  But this argument would only have merit if Rockstar's infringement theories focus on hardware and on different

---

[4] Rockstar also argues, without citation, that the customer-suit rule cannot apply because Google has not affirmatively "accepted legal responsibility for patent infringement by Android" or asserted that it is "jointly and severally liable for infringement by Samsung's accused devices." Opp. at 2, 5-6, 17-18.  Again Rockstar misstates the law:  this Court squarely rejected the argument that a customer suit must be indemnified in *Katz*, where it acknowledged that "neither of the defendants in the [customer suit] Batavia action has agreed to be bound by the result in [manufacturer suit in] Massachusetts," but still affirmed the manufacturer court's "injunction against prosecution of the [customer suit] Batavia action" because the former manufacturer suit could resolve "major issues" as to the customer suit.  909 F.2d at 1464.  As the Northern District correctly stated, indemnification thus has no bearing on whether this is a customer suit.  RA078.

Rockstar also relies heavily on *Merial Ltd. v. Cipla Ltd.*, stating that it is "fully applicable" to the circumstances here.  Opp. at 14, 15, 19, 21-22, citing 681 F.3d 1283, 1299 (Fed. Cir. 2012).  Not so:  *Merial* held only that the date of filing of a contempt motion is not the date considered for determining priority—that is, that the filing of a motion does not affect the filing date of the complaint.  *Id.*  It has no bearing here, where Google's complaint in California predated Rockstar's complaint in Texas.

devices—which they do not. Rockstar's argument depends on the importance of Samsung's modifications to Google's Android product (Opp. at 1-2, 4-6, 17-18), but Rockstar's infringement contentions confirm that the importance of these modifications is precisely zero. *See supra* §§ I.A-I.B. Rockstar attempts to recast Samsung as the manufacturer and Google as the customer, (Opp. at 17-18), but Rockstar's own infringement contentions allege that if anything Google is the "dog" and Samsung is the "tail." *See supra* §§ I.A-I.B. Rockstar has not shown, and cannot show, the importance or even relevance of any Samsung documents or witnesses, and it was thus clear error for the district court to consider them. *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) ("A district court should assess the relevance and materiality of the information the witness may provide."). And even if Rockstar *could* show the relevance of Samsung's documents or witnesses, it did nothing to show that these documents were located *in Texas* rather than Korea, Samsung's headquarters. As Petitioners explained in their opening brief, the district court erroneously credited Rockstar's flimsy assertions about Samsung's documents, while ignoring Samsung's sworn declaration on the same issue. Pet. at 28-29. Rockstar's opposition does not address this point, and nor could it, as Samsung's declaration establishes that the vast majority of Samsung's records and employees, as well as the "planning, design, and development" of the accused devices, are in Korea. A675 ¶¶ 1, 6-8.[5]

---

[5] Rockstar notes that Google and Samsung did not move to sever its claims against them, and argues that this is somehow an admission that they should remain in Texas. Opp. at 11-12, 22-27. Not so: there was no reason for Google or
(footnote continued)

**B.    The District Court Clearly Abused Its Discretion in Denying Each Motion to Transfer Based on the Other Five Actions, in Which Transfer Motions Had Also Been Filed**

It cannot be proper to deny transfer of this action simply because Rockstar filed five other actions in this District.  The district court clearly erred by denying six separate motions to transfer Rockstar's six separate actions, each time relying on the other five actions before it.  Pet. at 20-22.  Seeking to defend this ruling, Rockstar first argues, tepidly and without citation, that Petitioners have not preserved this argument.  Opp. at 29.  Rockstar provides no citation because its position makes no sense:  Petitioners could not brief their objection to a mistake they did not know the district court would make, before the district court had made it.  Rockstar's defense on the merits fares no better.  Rockstar cites *In re Volkswagen of Am., Inc*., 566 F.3d 1349, 1351 (Fed. Cir. 2009) and *Micron Tech., Inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897, 904-5 (Fed. Cir. 2008).  Opp. at 29-30.  But these cases have no bearing here:  they predate the America Invents Act ("AIA"), *see* Pet. at 20, and thus could not consider its provisions to curtail anchoring actions through bulk filings.  *See* Pet. at 20-22.  Second, these cases do not address multiple cases subject to multiple transfer actions:  *Volkswagen* considered related litigation where venue was fully resolved—unlike these actions,

---

Samsung to move to sever, because both believe all claims against both of them should move to the Northern District.  In any event, courts may always "order severance of a party or claim under Rule 21 of the Federal Rules of Civil Procedure *sua sponte*."  *LuvN'Care, Ltd., and Admar Int'l, Inc. v. Royal King Infant Prods. Co*., No. 10-461 (E.D. Tex. Feb. 19, 2014), Docket No. 235, at *2 (quoting *Prospect Capital Corp. v. Bender*, No. 09-826, 2009 WL 4907121, at *7 n.9 (S.D.N.Y. Dec. 21, 2009) (severing defendant *sua sponte* to facilitate transfer)).

which were subject to transfer motions when the district court made its decisions—and *Micron* specifically noted that "the record does not show any ongoing litigation requiring consolidation." 518 F.3d at 905. Neither case allows or even addresses transfer of actions for "judicial economy" based on other actions also subject to transfer. But this Court squarely rejected this possibility in *In re EMC Corp.*, 501 Fed. App'x 973 (Fed. Cir. Jan. 29, 2013). Rockstar attempts to avoid *EMC* by selective quotation, arguing that *EMC* "expressly provides that 'the copendency of cases involving the same patent [is a] permissible consideration[] in ruling on a motion to transfer venue,'" Opp. at 30, (quoting *EMC*, 501 Fed. App'x at 976). But Rockstar fails to quote the statement, *two sentences later*, limiting the cases for which the "district court could properly consider the benefits to judicial economy" to those "as to which there was no issue of transfer." 501 Fed. App'x at 976. The district court's ruling is thus contrary not only to the AIA, but also to this Court's ruling in *EMC*. Only a writ from this Court can remedy this clear error.[6]

### C.  The District Court Clearly Abused Its Discretion By Disregarding Apple But Considering Ericsson and Blackberry—Potential Rockstar Witnesses—in Its Compulsory Process Analysis

As Petitioners explained in their opening brief, it was clearly error for the district court to dismiss Apple's unique and uniquely important role in this case, as

---

[6] Finally, Rockstar tries to minimize the importance of this clear error by arguing that the "district court's transfer analysis did not turn on considerations of judicial economy." Opp. at 29-30. But the court found that "considerations of judicial economy bear heavily upon the Court's transfer analysis" and "weigh strongly in favor of consolidating all cases on these patents in the Eastern District of Texas," and judicial economy "weighs heavily against transfer." A8-9.

confirmed by the Northern District's findings.  Pet. at 27.  In its opposition to the

petition, Rockstar argues that Google's evidence of Apple's relevance is a mere

"conspiracy theory" that, even if true, "would not impact the neutrality of this

factor." Opp. at 25.  This argument must fail, however, because it depends on facts

that Rockstar did not establish, and that the district court could not consider.

Rather than address Petitioners' explanation of Apple's central role, the

district court simply stated that it "views Google's asserted interest in Apple's

testimony with some skepticism," and also "notes that other Rockstar parents—

notably Ericsson and Blackberry—maintain U.S. headquarters in Texas."  A6.

This was clear error, however, because Rockstar failed to show that these other two

had any relevance to this proceeding.  *Genentech*, 566 F.3d at 1343 ("A district

court should assess the relevance and materiality of the information the witness

may provide.").  Instead Rockstar argued only that if Apple was relevant,

Blackberry and Ericsson must also be.  A702.  Rockstar's unsupported assertion of

equivalence could not overcome Google's showing of Apple's relevance.  Apple's

relevance depends on factors *unique to Apple*, not present for Blackberry and

Ericsson.  Only Apple gave "approximately $2.6 billion" to Rockstar, representing

58% of the total price for Nortel's portfolio.  A59.  As the Northern District

recognized, only Apple vowed to wage "thermonuclear war" against Android and

Google, and only "Apple's particular business interests" benefitted from

Rockstar's "litigation strategy of suing Google's customers."  A319.  And only

Apple bid independently for the Nortel patents, before joining the other members

of Rockstar.  A376.  The Northern District has already found twice that Rockstar's

11

"Texas suit against Google's customers merely serves as supporting evidence for the inference that Defendants undertook an obligation to Apple to disrupt Google's business." SA19; *see also* A319. Petitioners have thus shown specific evidence that Apple witnesses are "relevant to those issues" that "might be issues at trial." *Genentech*, 566 F.3d at 1343-44 (Fed. Cir. 2009). Rockstar's facile argument that some of its owners have offices in Texas cannot meet this standard. A702.

Separately from Rockstar's factual failure, the district court also erred legally, by considering Blackberry and Ericsson at all. In considering venue under § 1404(a), courts may consider the "availability of compulsory process for attendance of *unwilling* witnesses," not willing ones. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) (emphasis added). Because willing witnesses, by definition, will appear in any venue, courts' consideration of this factor is "based on whether a witness would willingly or voluntarily appear." *My Health, Inc. v. Click4Care, Inc.*, No. 13-137, 2014 WL 1159664, at *3 (E.D. Tex. Mar. 20, 2014). Under this rule, "party witnesses do not require compulsory process for trial and are not given much weight in this factor. Rather, the focus of this factor is on witnesses for whom compulsory process to attend trial might be necessary." A6 (citations omitted). As Rockstar itself acknowledges, Blackberry and Ericsson are among its owners, and have a direct financial interest in its success; their employees will therefore be its *willing* witnesses, preventing Rockstar from using them under this factor. *E.g.*, *Genentech*, 566 F.3d at 1345. Petitioners could secure trial testimony from Apple's witnesses *only* in the Northern District of California, home to Apple's headquarters. The venue allowing the most testimony

12

by the most witnesses is the Northern District, and the district court clearly erred by counting *willing* witnesses from Blackberry and Ericsson against transfer.

### D. Rockstar Has Not Shown Any Relevant Connection Between Google and the Eastern District

Although the district court did not rely on any connection between Google and the Eastern District, Rockstar nonetheless asserts just such connections to this Court. Opp. at 10-11. The Court can quickly dismiss these assertions: Rockstar does not even claim relevance of Google's former tiny office in Frisco, and Google's declaration confirms that "[n]one of the employees at this location worked on the Android platform." A670-71 ¶ 10. Rockstar next points to Jeff Hamilton, a single Google engineer who works in Austin, outside the Eastern District and nearly five hours from Marshall. Opp. at 11. But Rockstar selectively quotes Mr. Hamilton's LinkedIn profile, which actually describes his work on Android "data storage framework and applications," not "operating systems." A1070-72. Confirming his irrelevance, Rockstar did not include Mr. Hamilton in its disclosures of potential witnesses under Fed. R. Civ. P. 26(a)(1). SA492-506. Even if one engineer five hours away from the Eastern District could outweigh the hundreds in Mountain View, Rockstar failed to show he did so here.

### III. ROCKSTAR MISCHARACTERIZES THE RULINGS OF THE NORTHERN DISTRICT

Seeking to bolster its arguments against transfer, Rockstar several times mischaracterizes rulings and statements from the Northern District of California. First, Rockstar selectively quotes the Northern District's order denying Rockstar's first motion to transfer as saying that "the Texas actions 'might not and need not be

transferred here,'" and asserts that "the NDCA court never suggested that its initial decision to keep Google's California suit should control the EDTX court's decision to keep or transfer this case." Opp. at 20 (citing A326). But Rockstar fails to quote *the very next sentence* in the Court's order: "They might be stayed in Texas and reopened upon completion of this suit, which likely will resolve some of the infringement issues there." A326. Absent Rockstar's selective quotation, the order simply expressed the Northern District's expectation that the Eastern District would transfer these cases, or keep them and stay them, but had no preference between those two. Opp. at 20; A326.[7] Rockstar also wrongly asserts that the Northern District endorsed the idea that "that the EDTX court might reasonably decide to proceed with this action." Opp. at 21. Again, this is incorrect. The Northern District repeatedly stated its view that only one court should supervise all actions concerning Rockstar's allegations against Android, SA6-7, RA326, RA128, and noted that the Texas cases should be transferred or stayed. A326. Although it disfavored separate actions, the Northern District sought to minimize harm from any duplication by having "the benefit of looking at what the Texas judge had done with claim construction." Opp. at 20-21. Preparing for the worst is not the same as endorsing it; the Northern District did only the former.

---

[7]    Rockstar seeks to minimize this order, alleging that it comes from a "procedural context different from" here. Opp. at 20. Again, this is incorrect: like the Eastern District, the Northern District denied Rockstar's motion to transfer after analyzing the "'convenience factors' under the transfer analysis of 28 U.S.C. § 1404(a)." A325. The Northern District noted that Rockstar's second motion to transfer, which Rockstar admits falls under § 1404(a), was "essentially identical to the one brought in conjunction with Defendants' motion to dismiss." RA127 n.1.

Finally, Rockstar misreads the Northern District's recent ruling deferring its ruling on Rockstar's renewed motion to transfer. Opp. at 20-21. Rockstar asserts that this ruling "indicated that it is disposed to transfer the NDCA case to that forum." Opp. at 21. Once again, this is incorrect. The Northern District had already denied Rockstar's first motion to transfer (A323-28), noted in the process that the Eastern District should stay or transfer the actions before it (A326), and indicated its inclination to deny Rockstar's second, "essentially identical" motion to transfer. RA127. But the Northern District also wished to avoid duplicative litigation, and followed this Court's dictates requiring it to consider this factor. Rockstar seeks to miscast the Northern District's simple following of precedent as an abdication in favor of Texas; it is the opposite.

## CONCLUSION

For the foregoing reasons, this Court should issue a writ of mandamus directing the district court to stay this action until resolution of the related action in Northern District of California, or to transfer this action to that court.

Dated: August 25, 2014      Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:      /s/ Charles K. Verhoeven
         Charles K. Verhoeven
         *Attorneys for Petitioners Google Inc., Samsung*
         *Electronics Co., Ltd., Samsung Electronics America,*
         *Inc., and Samsung Telecommunications America, LLC*

# CERTIFICATE OF SERVICE

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
Misc. No. 14-147
-------------------------------------------------------------------------------
IN RE GOOGLE INC., SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC., AND
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC
                          Petitioners.
-------------------------------------------------------------------------------

I, Kristin Madigan, being duly sworn according to law and being over the

age of 18, upon my oath depose and say that:

On the **25th Day of August, 2014**, Counsel for Petitioners has authorized

me to electronically file the foregoing **Reply in Support of Petition for Writ of**

**Mandamus** with the Clerk of Court using the CM/ECF System, which will serve

via e-mail notice of the filing to all counsel for the parties registered as CM/ECF

users, including any of the following:

Ted Stevenson III  (Lead Counsel)      Joshua W. Budwin
tstevenson@mckoolsmith.com             jbudwin@mckoolsmith.com
dcawley@McKoolSmith.com                Joel L. Thollander
David Sochia                           jthollander@mckoolsmith.com
dsochia@McKoolSmith.com                MCKOOL SMITH, P.C.
MCKOOL SMITH, P.C.                     300 W. 6th Street, Suite 1700
300 Crescent Court Suite 1500          Austin, TX 78701
Dallas, TX 75201                       Telephone: (512) 692-8700
Telephone: (214) 978-4000              Telecopier: (512) 692-8744
Telecopier: (214) 978-4044

Attorneys for Rockstar Consortium US LP and MobileStar Techs. LLC

16

Additionally, the following counsel for the additional parties to the proceeding below will be sent a copy via email:

Harold H. Davis, Jr.
(*Lead Counsel*)
harold.davis@klgates.com
Irene I. Yang
irene.yang@klgates.com
K&L GATES LLP
Four Embarcadero, Suite 1200
San Francisco, California  94111
(415) 882-8200
(415) 882-8220 facsimile

Jennifer Klein Ayers
jennifer.ayers@klgates.com
K&L GATES LLP
1717 Main Street, Suite 2800
Dallas, Texas  75201
(214) 939-5500
(214) 939-5849 facsimile

Jeffrey M. Ratinoff
jeffrey.ratifnoff@klgates.com
K&L GATES LLP
630 Hansen Way
Palo Alto, California  94304
(650) 798-6700
(650) 798-6701 facsimile

Attorneys for Defendants ASUStek Computer, Inc.
and ASUS Computer International

Richard D. Harris (*Lead Counsel*)
harrisr@gtlaw.com
Jeffrey G. Mote
motej@gtlaw.com
Eric J. Maiers
maierse@gtlaw.com
James J. Lukas, Jr.
lukasj@gtlaw.com
GREENBERG TRAURIG LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois  60601
(312) 456-8400
(312) 456-8435 facsimile

Mary-Olga Lovett
lovettm@gtlaw.com
GREENBERG TRAURIG LLP
1000 Louisana, Suite 1800
Houston, Texas  77002
(713) 374-3500
(713) 374-3501

Attorneys for Defendants LG Electronics, Inc., LG Electronics U.S.A.,
Inc., and LG Electronics MobileComm USA Inc.

17

Michael J. Bettinger
(*Lead Counsel*)
mike.bettinger@klgates.com
Curt Holbreich
curt.holbreich@klgates.com
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California  94111
(415) 882-8200
(415) 882-8220 facsimile

    Attorneys for Defendants HTC Corporation and HTC America, Inc.

| | |
|---|---|
| Alexas D. Skucas (*Lead Counsel*) | Everett Upshaw |
| askucas@kslaw.com | everettupshaw@everettupshaw.com |
| KING & SPALDING LLP | David A. Bailey |
| 1185 Avenue of the Americas | davidbailey@everettupshaw.com |
| New York, New York  10036 | LAW OFFICE OF EVERETT |
| (212) 556-2100 | UPSHAW, PLLC |
| (212) 556-2222 facsimile | 811 South Central Expressway |
| | Suite 307 |
| Steven T. Snyder | Richardson, Texas 75080 |
| ssnyder@kslaw.com | (972) 372-4235 |
| Anup M. Shah | (214) 865-6086 facsimile |
| ashah@kslaw.com | |
| KING & SPALDING LLP | |
| 100 North Tryon Street, Ste. 3900 | |
| Charlotte, North Carolina 28202 | |
| (704) 503-2600 | |
| (704) 503-2622 facsimile | |

    Attorneys for Defendants ZTE (USA) Inc. and ZTE Corp.

| | |
|---|---|
| W. Barton Rankin  (*Lead Counsel*) | D. James Pak |
| bart.rankin@bakermckenzie.com | d.james.pak@bakermckenzie.com |
| BAKER & MCKENZIE LLP | BAKER & MCKENZIE LLP |
| 2300 Trammel Crow Center | Two Embarcadero Center, 11th |
| 2001 Ross Avenue, Suite 2300 | Floor |
| Dallas, Texas  75201 | San Francisco, California  94111 |
| (214) 978-3000 | (415) 576-3000 |
| (214) 978-9099 facsimile | (415) 576-3099 facsimile |

    Attorneys for Defendants Pantech Co., Ltd., and Pantech Wireless, Inc

Additionally, a copy will be sent to these U.S. District Judges:

> The Honorable Rodney Gilstrap
> U.S. District Court, District Judge
> Sam B. Hall, Jr. Federal Building
> and United States Courthouse
> 100 East Houston Street
> Marshall, Texas 75670
> Tel:  (903) 935-3868
> Fax:  (903) 935-2295

**via US Mail.**

August 25, 2014

Kristin Madigan